UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fireworks City, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Meramec Specialty Co., <br><br> Defendant | Case No. 17-cv-32 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Fireworks City, Inc. ("Fireworks City") complains of Defendant Meramec Specialty Co. ("Meramec") as follows:

**NATURE OF THE ACTION**

1. Pursuant to 28 U.S.C. § 2201, Fireworks City seeks an order from this Court declaring that its continued use of "Fireworks City" does not infringe any trademark owned by Defendant Meramec under federal or state law; that its use of "Fireworks City" as part of a domain name does not violate the Anti-Cybersquatting Consumer Protection Act; and that its use of "Fireworks City" does not constitute unfair competition or any type of unfair or deceptive trade practice under Federal or State law.

**PARTIES**

2. Plaintiff Fireworks City, Inc. is a business organized and existing under the laws of the State of Wisconsin, having its principal place of business at 740 Baldwin Plaza Drive, Baldwin, WI 54002. Fireworks City is a family owned and operated fireworks business located in the State of Wisconsin.

3. Upon information and belief, Meramec is a Missouri corporation with its principal place of business located at P.O. Box 1150, West Memphis, Arkansas 72303-1150.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 2201-02.

5. Venue is proper under 28 U.S.C. § 1391(b) and (c).

6. Defendant Meramec has made itself subject to the jurisdiction of Wisconsin by its repeated contacts with Plaintiff, and prior-related contacts with a third party also located in this state, threatening litigation against Plaintiff and the third party.

## FIREWORKS CITY'S BUSINESS

7. In 1995, Fireworks City began its retail fireworks outlet business under name "Fireworks City" to promote the sales of fireworks products.

8. Fireworks City has used the name "Fireworks City" prominently, openly, and continuously since 1995, without interruption, to promote its business. Since 1995, Fireworks City has not received any complaint regarding its use of "Fireworks City" until the controversy at issue arose.

9. Fireworks City's geographic use of "Fireworks City" has been limited to the state of Wisconsin.

10. In 2000, Fireworks City registered the domain name <*fireworkscityonline.com*> to promote its retail fireworks outlet business using that domain name. Until 2007, Fireworks City used the website continuously, and without any complaint prior to the present dispute. In addition to advising consumers of the locations of Plaintiff Fireworks City's businesses in Wisconsin, and the availability of products for purchase in Wisconsin, the

2

*<fireworkscityonline.com>* website periodically offered coupons redeemable at Plaintiff's locations in Wisconsin.

11. In 2004, Fireworks City registered the domain name *<fireworkscityinc.com>* and promoted its retail fireworks outlet business using that domain name. Fireworks City has used the *<fireworkscityinc.com>* website continuously, and without any complaint prior to the present dispute. In addition to advising consumers of the location of Plaintiff Fireworks City in Wisconsin and the availability of products for purchase in Wisconsin, the *<fireworkscityinc.com>* website has periodically offered coupons redeemable at Firework City's Baldwin, Wisconsin location.

12. In 2007 Fireworks City sold its Lomira, Wisconsin location, along with the *<fireworkscityonline.com>* domain name and website content. The Lomira business continued to operate as "Fireworks City" in Lomira, Wisconsin until, upon information and belief, 2016.

13. Fireworks City's *<fireworkscityinc.com>* website has always identified the company and its Baldwin, Wisconsin address. Firework City conducts no business outside the state of Wisconsin and offers no goods or services for purchase via its website.

14. Since its opening in 1995, Fireworks City has invested substantial funds to become a successful business operation, including, but not limited to, funds spent to promote its business and to update and improve its signage.

15. Fireworks City adopted the name "Fireworks City" with no knowledge of Meramec or any rights it claims to hold in the mark FIREWORKS CITY. After five years of business, Fireworks City acquired domain names to promote its business without any knowledge of Meramec or any rights Meramec claims to hold in the mark FIREWORKS CITY.

3

**MERAMEC'S BUSINESS AND ALLEGED TRADEMARKS**

16. Meramec asserts ownership rights to the trademark FIREWORKS CITY in connection with fireworks and retail fireworks outlet services, including rights associated with U.S. Trademark Reg. Nos. 4,889,143 and 1,008,519 for FIREWORKS CITY.

17. Upon information and belief, Meramec offers its goods and services only in discrete locations in the states of Alabama, Arkansas, Georgia, Louisiana, Missouri, Mississippi and Tennessee. Meramec does not, and has not ever, offered for sale, or sold, any products in the state of Wisconsin under the name FIREWORKS CITY, and has not operated any retail fireworks outlets in the state of Wisconsin under the name FIREWORKS CITY.

18. Upon information and belief, Meramec acquired the domain name <*fireworkscity.com*> in 2000 and has operated a website at that location promoting its business locations and products since the time the domain name was acquired.  Meramec does not offer for sale, and on information and belief has not ever offered for sale, any goods or services via this website.  Meramec's website has coexisted with those operated by Fireworks City for more than a decade without any complaint from Meramec prior to the present dispute despite the use of "fireworkscity" as part of the domain names.

**THE CONTROVERSY**

19. On December 4, 2015, Fireworks City received a letter from counsel for Meramec alleging that Fireworks City's use of "Fireworks City" in its business and corporate name, and as part of a domain name, infringed Meramec's trademark rights. A true and correct copy of this letter is attached hereto as Exhibit A.

20. In that letter, Meramec demanded that Fireworks City immediately discontinue using the Firework City name across all platforms, or Meramec would "take the necessary measures to protect its valuable rights, including, if necessary securing injunctive relief in court against FCI and recovery of all appropriate damages."

21. In responsive communications in 2015 and January 2016, attached hereto as Exhibit B, Fireworks City denied all of the allegations contained in Meramec's letters and/or that its adoption and use of the term FIREWORKS CITY violated any federal or state rights Meramec claimed to have and informed counsel for Meramec as such. Following these communications, Meramec went silent and made no effort to contact Fireworks City.

22. In November 2016, Meramec returned with its demands and has threatened Fireworks City with litigation if it does not, *inter alia,* cease all use of Fireworks City, change its corporate name, and transfer to Meramec its domain name <*fireworkscityinc.com*>. Copies of these communications are attached here to as Exhibit C. Plaintiff Fireworks City has advised Meramec that its claims are without factual and legal merit, but fears that litigation will commence immediately. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit D.

23. The Parties have coexisted in their respective geographic and digital locations for over 20 years without a single complaint from Meramec. Upon information and belief, Meramec was aware of Plaintiff's use of "Fireworks City" for at least 15 years before sending its first demand letter to Plaintiff. Meramec took no action whatsoever to advise Plaintiff of any rights it believed precluded use of "Fireworks City" by Plaintiff, of any concerns regarding a likelihood of confusion arising from any ongoing use, or any concerns with even a single instance of

alleged actual confusion. During this period, Plaintiff has expended significant sums to promote its business including updated signage and other materials.

24. The Parties do not overlap geographically in any way. The Parties serve the geographic areas in which they operate their respective retail outlets. There is no likelihood, as a result, any consumer will be faced with two products or services marketed under the name "Fireworks City" in the same markets.

25. Prior to 2016, there were a number of third party businesses, unaffiliated with either Meramec or Plaintiff, who used the name "Fireworks City" mark in connection with the sale of fireworks. On information and belief, Meramac permitted that use to continue for many years and took no steps to stop that use until 2015 with threats of litigation.

26. In light of the Meramec's recent and clear threats of litigation, Fireworks City has a reasonable apprehension of being sued by Meramec for alleged trademark infringement and violation of the Anti-Cybersquatting Consumer Protection Act pursuant to (without limitation) Sections 32 and 43 of the Lanham Act as well as various state laws regarding unfair competition, deceptive trade practice and trademark infringement.

27. Meramec's actions and threats give rise to a case of actual controversy between the parties within the meaning of 28 U.S.C. § 2201.

28. Meramec's allegations that Fireworks City is violating Meramec's trademark rights are seriously and irreparably injuring, and adversely affecting, Fireworks City. Unless this Court declares Fireworks City's rights in this case of actual controversy, Meramec's allegations will continue to injure and adversely affect Fireworks City.

29. Fireworks City has no adequate remedy at law and seeks relief from this Court.

## COUNT I

## DECLARATORY ORDER OF NO VIOLATION OF THE LANHAM ACT

30.     Paragraphs 1-29 are incorporated herein by reference.

31.     Fireworks City seeks an order from this Court declaring that it's use of "Fireworks City" has not violated the Lanham Act, including 15 U.S.C. § 1114 and 1125(a).

32.     Fireworks City has been prominently and continuously using "Fireworks City" since 1995. In this twenty-plus year period, there has been no actual confusion arising from the use of "Fireworks City" as to source, affiliation, connection, or sponsorship with Meramec or any other party making use of "Fireworks City."

33.     Consumers are not likely to be confused as to source, affiliation, sponsorship, or connection between Fireworks City and Meramec because, among other reasons, Meramec does not offer or sell goods or services in the same geographic area as Fireworks City. There is no reasonable likelihood that customers in the parties' disparate geographic territories will be faced with the parties' products or services.

34.     Meramec's alleged trademark FIREWORKS CITY is not a famous or distinctive mark. At most it is a highly descriptive mark of the services and goods promoted. It is entitled to little or no protection as consumers are not likely to associate the phrase with a single entity.

35.     Plaintiff's use of "Fireworks City" does not cause any damage to Meramec.

36.     Plaintiff's use of "Fireworks City" has not resulted in any instance of actual confusion.

37.     Plaintiff's use of "Fireworks City" has been done in good faith and without any deceptive intent or intent to trade on any right or goodwill which Meramec may have.

**COUNT II**
**DECLARATORY RELIEF: ORDER FINDING NO VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**

38. Paragraphs 1-37 are incorporated herein by reference.

39. Fireworks City seeks an order from the Court that its use of *<fireworkscityinc.com>* does not violate the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

40. Fireworks City did not register, and does not use, the domain name *<fireworkscityinc.com>* in bad faith. Fireworks City obtained a domain name that corresponded in an identical way to its corporate name, a name it had used at the time the domain name was acquired more than 8 years. Fireworks City offers a legitimate informational website at this domain promoting its Wisconsin location and the products available for purchase at that location. This use has been ongoing for over a decade without complaint.

**COUNT III**
**DECLARATORY RELIEF: ORDER FINDING NO VIOLATION OF STATE TRADEMARK OR UNFAIR COMPETITION LAW**

41. Paragraphs 1-40 are incorporated herein by reference.

42. Plaintiff's continued use of "Fireworks City" as a business name or as part of a domain name does not constitute unfair competition, trademark infringement or deceptive practices in violation of Wisconsin statutory or common law.

**COUNT IV**
**DECLARATORY RELIEF: ORDER FINDING MERAMEC'S CLAIMS ARE BARRED IN THEIR ENTIRETY BY EQUITY**

43. Paragraphs 1-42 are incorporated herein by reference.

44. Meramec's claims regarding use of "Fireworks City" by the equitable defenses of laches, acquiescence, estoppel, waiver, and unclean hands.

45. Fireworks City has continuously and openly used "Fireworks City" in connection with the promotion and sale of fireworks at a retail location for more than twenty years with the knowledge of Meramec for at least 15 years.

46. Fireworks City has been using "Fireworks City" as a corporate name for more than 20 years.

47. Fireworks City has been using "Fireworks City" as part of a domain name and on its website for at least fifteen years with the knowledge of Meramec.

48. Despite having full knowledge of Plaintiff's use of "Fireworks City," Meramec allowed that use to continue without complaint or notice of any purported rights to Plaintiff until 2015.

49. Even after its initial communication in 2015, Meramec waited nearly another year to threaten Plaintiff anew with litigation. Any party suffering real or perceived harm would not have engaged in this added extended period of delay.

50. With Meramec's acquiescence, Fireworks City has built extensive goodwill in its business in its geographic area and would be irreparably harmed by changing its name, domain name and website.

51. Meramec is equitably estopped from enforcing any rights it may have in FIREWORKS CITY against Plaintiff.

52. Meramec has not acted in good faith and is barred from enforcing any rights it may have in FIREWORKS CITY against Plaintiff by its unclean hands.

53. Meramec's claims, if any, are barred by laches.

54. Meramec has waived any claims it may have had related to use of "Fireworks City" by Plaintiff.

9

## REQUEST FOR RELIEF

WHEREFORE, Fireworks City prays that this Court:

(a) Declare that Plaintiff's use of "Fireworks City" does not violate any of Meramec's rights under the trademark laws of the United States or the State of Wisconsin;

(b) Declare that Plaintiff has the right to continue to use Fireworks City as it has done historically in connection with the promotion and sale of fireworks and related goods and services, free from interference by Meramec, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, or under any actual or apparent authority of Meramec;

(c) Declare that Meramec, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting in concert or participation with Meramec be permanently enjoined from interfering with, or threatening to interfere with, Plaintiff's use of "Fireworks City" as it has used "Fireworks City" to date, including, but not limited to, use as a corporate name or as part of its domain name <*fireworkscityinc.com*>;

(d) Award Fireworks City's its costs and attorney's fees; and

(e) Award Fireworks City such other and further relief, as this Court deems just and appropriate.

## JURY DEMAND

Fireworks City demand trial by jury of all counts and claims triable to a jury.

Dated: January 13, 2017        By: s/*Tina A. Syring-Petrocchi*
                                   Tina A. Syring-Petrocchi (WI #1080278)
                                   Felicia J. Boyd (*pro hac vice pending*)
                                   BARNES & THORNBURG LLP
                                   225 South Sixth Street, Suite 2800
                                   Minneapolis, MN 55402
                                   Telephone: (612) 333-2111

        Facsimile: (612) 333-6798
        tina.syring@btlaw.com
        felicia.boyd@btlaw.com

        *Attorneys for Plaintiff Fireworks City, Inc.*